Affirmed and Memorandum Opinion filed October 27, 2005









Affirmed and Memorandum Opinion filed October 27, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00689-CV

_______________

 

ROBERT LOUIS MARTIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________________________

 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 877,816

________________________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Robert Louis Martin, appeals from a recommitment
order extending inpatient mental health services for a period of one year.  In two issues, appellant challenges the legal
and factual sufficiency of the evidence to support the order.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4








I. 
Background

In May 2001, appellant stabbed a cab driver with a knife
several times in the chest and back causing serious, but nonfatal,
injuries.  Appellant was arrested and
charged with aggravated assault. 
Following a bench trial, the trial court found appellant not guilty by
reason of insanity, and ordered that he be committed to the maximum security
unit at the North Texas State Hospital. 
Subsequently, the commitment order was extended four times. The most
recent extension, in June of 2004, forms the basis of this appeal.

II. 
Statutory Requirements for Commitment

Commitment proceedings concerning persons who have been found
not guilty by reason of insanity are civil in nature.  Campbell v. State, 85 S.W.3d 176, 180
(Tex. 2002).  A court may renew an order
for inpatient mental health services if it finds the patient meets the criteria
for involuntary commitment set forth in section 574.035(a) of the Texas Health
and Safety Code.  See Tex. Health & Safety Code Ann. ' 574.066(f) (Vernon 2003) (specifying
the procedure for the renewal of an order for extended mental health services).

Pursuant to Section 574.035(a), the court may order extended
inpatient mental health services if the trier of fact finds, by clear and
convincing evidence, that among other requirements, the proposed patient meets
the following criteria:

(1) the proposed patient is mentally ill; and 

(2) as a result of that mental illness the proposed
patient:

(A) is likely to cause serious
harm to himself;

(B) is likely to cause serious
harm to others; or 

(C) is:

(i) suffering severe and abnormal mental,
emotional, or physical distress;








(ii) experiencing substantial mental or
physical deterioration of the proposed patient=s
ability to function independently, which is exhibited by the proposed patient=s inability, except for reasons of indigence, to
provide for the proposed patient=s basic
needs, including food, clothing, health, or safety; and

(iii) unable
to make a rational and informed decision as to whether or not to submit to
treatment

Tex. Health & Safety Code Ann. 
' 574.035(a) (Vernon 2003).[1]

            Clear and
convincing evidence is Athat measure or degree of proof which will produce in the mind
of the trier of fact a firm belief or conviction as to the truth of the
allegations sought to be established.@ 
State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979).  In order to be clear and convincing under
section 574.035(a), the evidence must also include expert testimony and, unless
waived, evidence of a recent overt act or a continuing pattern of behavior that
tends to confirm (1) the likelihood of serious harm to the proposed patient or
others, or (2) the proposed patient=s distress and the deterioration of
the proposed patient=s ability to function. 
Tex. Health & Safety Code Ann.
' 574.035(e) (Vernon 2003).

III.  Sufficiency of the Evidence

The judge or jury must specify which
criterion under the Texas Health and Safety Code forms the basis for the
recommitment order.  Tex. Health & Safety Code Ann. ' 574.035(c) (Vernon 2003).  In this case, the jury found that appellant
met two criteria for recommitment: (1) he was likely to cause serious harm to
others; and (2) he was suffering severe and abnormal distress, experiencing
substantial deterioration of his ability to function independently, and was
unable to make a rational decision concerning treatment.  








Appellant contests the legal and
factual sufficiency of the evidence to support both findings.  Specifically, appellant contends that the
State failed to show any recent overt act or continuing pattern of behavior
that tended to confirm either the likelihood of serious harm to others, or his
distress and inability to function.  We
conclude the evidence is legally and factually sufficient to support the
finding that appellant was likely to cause serious harm to others.[2]

A.        Legal 
Sufficiency 

When the burden of proof is
heightened to clear and convincing evidence, the standards of review for both
legal and factual sufficiency of the evidence are also heightened.  City of Keller v. Wilson, 168 S.W.3d
802, 817 (Tex. 2005); Campbell v. State, 68 S.W.3d 747, 758B59 (Tex. App.CHouston [14th Dist.] 2001), aff=d 85 S.W.3d 176 (Tex. 2002) (noting the heightened
standard is required to protect the rights of the individual).  In reviewing the evidence for legal
sufficiency, we must look at all of the evidence in the light most favorable to
the finding to determine whether a reasonable trier of fact could have formed a
firm belief or conviction as to the truth of its finding.  In re J.F.C., 96 S.W.3d 256, 266 (Tex.
2002) (applying heightened standard to review legal sufficiency of the
evidence).  We must assume that the
factfinder resolved disputed facts in favor of the finding if a factfinder
could reasonably do so, and disregard any evidence that the factfinder could
have reasonably disbelieved or found incredible.  Id.  








The State=s sole witness at the June 2004
recommitment hearing was JoAnna Sanchez, M.D., appellant=s treating psychiatrist at North
Texas State Hospital.  Based on her
evaluation, Dr. Sanchez diagnosed appellant with schizophrenia, paranoid type,
with persecutory delusions.  She
testified that appellant had a very bizarre delusional system, and  high risk factors for future violent
behavior.  However, expert diagnosis
alone is not enough to support an order for involuntary commitment.  Moss v. State, 539 S.W.2d 936, 949B51 (Tex. Civ. App.CDallas 1976, no writ).  Nor is the bare expert opinion of a Apotential danger@ to others, or a mere Apossibility@ of serious harm to others sufficient
evidence to support commitment.  Broussard
v. State, 827 S.W.2d 619, 622 (Tex. App.CCorpus Christi 2002, no pet.).  Expert opinion must be supported by the
factual basis on which it is grounded.  Moss,
539 S.W.2d at 950.

Here, Dr. Sanchez described in detail
the factual basis for her opinion.  She
testified regarding two recent overt acts of violence which tended to confirm
the likelihood of serious harm to others. 
In one incident, appellant retaliated after he was struck by a more
severely impaired patient.  Appellant
inflicted a Agolf ball size bump@ and a half-inch laceration on the
other patient=s head.  According to Dr. Sanchez, the other patient
had already been physically restrained, and no longer posed a threat to
appellant when appellant retaliated.  Dr.
Sanchez stated that the patient, who allegedly killed both of his parents, was
so impaired that even the other patients in the unit recognize him as being
severely impaired and do not react violently to him.  In addition, Dr. Sanchez described appellant=s reaction as overbroad and out of
control.  She concluded from the incident
that appellant continued to pose a risk of violence.

Dr. Sanchez also described an
incident in which appellant had Apummeled@ a mental health care worker.  She stated that appellant believed the worker
was Aout to get him@ and putting pins or needles in his
eyes.  She also stated that the mental
health care worker had no reason to suspect that appellant would attack and hit
him several times.  Further, appellant
still believed the worker was a threat to him after the incident when the
worker was moved to a different area.  








The record reflects that the two
overt acts of violence described by Dr. Sanchez occurred in a maximum security
state hospital within three months prior to the hearing.  Viewing the evidence in the light most
favorable to the finding, and disregarding contrary evidence the jury could
have reasonably disbelieved, we conclude that the jury could have formed a firm
belief or conviction that appellant was likely to cause serious injury to
others if released from the hospital. Accordingly, we overrule appellant=s first issue.

B.        Factual Sufficiency

In a factual sufficiency review under
the heightened clear and convincing standard, we must also determine whether a
reasonable trier of fact could have formed a firm belief or conviction as to
the truth of its finding.  In re C.H.,
89 S.W.3d 17, 25 (Tex. 2002).  If,
however,  the disputed evidence is so
significant that a fact finder could not have reasonably formed a firm belief
or conviction, then the evidence is factually insufficient.  In re J.F.C., 96 S.W.3d at 266.   

Appellant did not testify on his own
behalf or offer any evidence. To support his sufficiency challenge, he notes
that on cross-examination Dr. Sanchez indicated that she was not present at the
time of either violent incident and relied on the reports of others.  However, we find that the lack of
corroborating evidence as to these incidents is not so significant that it
would prevent a factfinder from forming a firm belief or conviction as to the
likelihood of harm to others.  See
Roland v. State, 989 S.W.2d 797, 799B802 (Tex. App.CFort Worth 1999, no pet.) (holding
testimony of one psychiatrist sufficient to support recommitment order).  








Dr. Sanchez also testified that appellant
had not retaliated on two other occasions after he had been assaulted.  However, we need not decide whether the
absence of a violent reaction in response to provocation constitutes a break in
an otherwise continuing pattern of violent behavior.  Either a continuing pattern of behavior or a
recent overt act is sufficient to meet the clear and convincing standard set
forth by the Texas Health and Safety Code. 
Tex. Health & Safety Code Ann.
' 574.035(e).   Dr. Sanchez=s testimony demonstrated that Martin
attacked a health care worker and another patient within three months prior to
the hearing.  Both of these incidents are
recent overt acts tending to confirm the likelihood of serious harm to
others.  Accordingly, we overrule
appellant=s second issue.

The judgment of the trial court is
affirmed 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum Opinion filed October 27,
2005.

Panel consists of Justices Hudson, Frost, and Seymore.

 

 











[1]  The court must
also find that the proposed patient=s
condition is expected to continue for more than 90 days.  Tex.
Health & Safety Code Ann.  '' 574.035(a)(3), 574.066(f) (Vernon 2003).  However, here, appellant does not challenge
the court=s finding on this requirement.

 





[2]  Because we
conclude the evidence is legally and factually sufficient to support the jury=s finding that appellant is likely to cause serious
harm to others, we need not address his challenge to the sufficiency of the
evidence to support the  jury=s finding concerning distress and ability to
function.  See Tex. Health & Safety Code Ann. ' 574.035(a)(2); In re R.M., 90 S.W.3d 909, 912
(Tex. App.CSan Antonio 2002, no pet.) (terminating the analysis
after holding the evidence was sufficient to support a finding under the first
statutory criterion).